```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


ANN G. DAIGLE                              CIVIL ACTION

VERSUS                                     NO: 06-8264

STATE FARM INSURANCE COMPANY               SECTION: "J"(3)
```

### ORDER AND REASONS

Before the Court is the Plaintiff's **Motion to Remand** (Rec. Doc. 3). Defendant opposes the motion. The motion, which was set for hearing on December 6, 2006, is before the Court on briefs, without oral argument.

### BACKGROUND

In her motion, Plaintiff argues that the amount in controversy requirement of 28 U.S.C. § 1332 has not been met, and counsel for Plaintiff has attached an Irrevocable Stipulation of Damages to Plaintiff's motion attesting to this fact. Plaintiff's counsel specifically states that Plaintiff "renounces any portion of any judgment which may be rendered in her favor against State Farm Insurance Company over the aforesaid figure of $75,000.00" (See Rec. Docs. 3; 6)  Defendant, by way of opposition, argues that based on the damages, penalties, and attorneys fees that Plaintiff requested in the state court Petition, it estimates the damages will exceed $75,000.

### DISCUSSION

When a case originally filed in a Louisiana state court

1

which does not contain an allegation of monetary damages asserted is removed to federal court, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart, 193 F.3d 848, 850 (5th Cir. 1999). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." Id. (internal quotations and citations omitted).

In the instant case, Defendant's Notice of Removal contained the conclusory statement that the amount in controversy exceeded $75,000, which was based in large part on the argument that its coverages for Plaintiff's property are in excess of the jurisdictional amount. However, in a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir.2002) (declaratory judgment action); see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co., 1995 WL 442062 at *1 (E.D.La.1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered). Here, in her Petition, Plaintiff stipulated that her damages do not exceed $50,000. Now, Plaintiff has filed a Irrevocable Statement of

Damages (which the Court may consider if, as here, it determines that the amount in controversy is not facially apparent from the Petition) averring that "the maximum damages sought for general damages, special damages, penalties and/or attorneys fees, exclusive of interest an [sic] costs of court" is $75,000. She specifically renounces any portion of a judgment exceeding that amount. The Court finds that Defendant has failed to satisfy its burden of showing that the amount in controversy is not satisfied.

Further, the Court rejects Defendant's arguments relating to jurisdiction based on the Multiparty, Multiforum Trial Jurisdiction Act of 2002 ("MMTJA") for the same reasons set forth by the undersigned in Southall v. St. Paul Travelers Ins. Co., 2006 WL 2385365 (E.D. La. Aug. 16, 2006). Thus, this case should be remanded. Accordingly,

**IT IS ORDERED** that the above-captioned action should be and is hereby **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana this 11th day of January, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE